**Kerry HICKS, Petitioner–Appellant,**

v.

**Tom CAREY, Respondent–Appellee.**

**No. 06–15572.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2007.*

Filed Jan. 25, 2007.

John Ward, Esq., Law Offices of John Ward, San Francisco, CA, for Petitioner–Appellant.

Paul E. O'Connor, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND **, District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

MEMORANDUM ***

Kerry Hicks was convicted of kidnapping Michael Alberti. Hicks, joined by two large men, paid a visit to Alberti at a motel to collect on a drug-debt. Alberti was staying with his girlfriend and child at the motel. Upon Hicks' arrival at the motel, he told Alberti, "[L]et's go for a ride. Your old lady and child don't want to see this." Alberti, nervous and trembling, told his girlfriend to go back to bed, and the three men escorted Alberti to a truck. While in the truck Hicks told Alberti to call his girlfriend and tell her not to call the police. Once at Hicks' residence, the men began duct-taping Alberti's legs and discussed hanging him from the rafters. When the men were interrupted by the police, Alberti undid the duct-tape and ran off.

The issue certified for appeal is whether the state courts deprived Hicks of his right to a defense by refusing to instruct the jury on a *Mayberry* defense. *See People v. Mayberry*, 15 Cal.3d 143, 125 Cal.Rptr. 745, 542 P.2d 1337 (1975). Hicks contends this failure deprived him of the right to present a defense because a defendant is entitled to an instruction as to a recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. *See Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). It is far from clear whether the failure to instruct a jury as to such an entrapment defense is an error rising to constitutional dimensions. *See id.* at 63–66, 108 S.Ct. 883 (holding for defendant on non-constitutional grounds); *see also United States v. Russell*, 411 U.S. 423, 430, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) (rejecting defendant's argument that the entrapment defense "should not rest on constitutional grounds").

However, even assuming that such an error does rise to constitutional dimensions, Hicks cannot prevail. The California Court of Appeal held that Hicks did not present sufficient evidence to satisfy the objective component of the *Mayberry* defense, *People v. Williams*, 4 Cal.4th 354, 14 Cal.Rptr.2d 441, 841 P.2d 961, 966 (1992), to warrant instruction. The federal district court denied Hicks' petition for writ of habeas corpus. Applying the standard for habeas review under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), the district court held that the state adjudication was neither a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

We review de novo the district court's denial of a petition for a writ of habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir.2000) (en banc). No federal authority requires a state trial court to instruct in a criminal case on a defense not supported by the evidence. Here, the district court correctly held that the state court had not unreasonably determined the facts. The facts did not support the giving of a *Mayberry* instruction. Moreover, the jury was instructed on the elements of consent and the definition of reasonable doubt, and thus if there was error in failing to give a *Mayberry* defense instruction, the error did not have "a substantial and injurious effect or influence in determining the jury's verdict" in order to

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

merit habeas relief, as required by *Brecht v. Abrahamson,* 507 U.S. 619, 622, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

**AFFIRMED.**